UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKEITHIS THOMAS-JAMES SMITH,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent,
_____/

Civil No. 2:12-CV-14926
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Markeithis Thomas-James Smith, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for conspiracy to furnish a cellular telephone or other wireless communication device to a prisoner at a correctional facility, M.C.L.A. 750.157a; M.C.L.A. 800.283a; and being a second felony habitual offender, M.C.L.A. 769.10. After reviewing the petition, the Court concludes that the petition contains two claims that have not been exhausted with the state courts. For the reasons stated below, in lieu of dismissing the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I. BACKGROUND**

Petitioner pleaded guilty to the above offenses in the Tuscola County Circuit Court. At

sentencing, petitioner moved to withdraw his plea, which was denied. The judge sentenced petitioner to six months to seven and a half years in prison. Petitioner, through appellate counsel, moved again to withdraw his plea of guilty, which was also denied. *People v. Smith*, No. 09-11108-FH (Tuscola County Circuit Court, July 29, 2010).

Petitioner's conviction was affirmed on appeal. *People v. Smith*, No. 300772, 2011 WL 3209204 (Mich.Ct. App. July 28, 2011); *lv. den.* 490 Mich. 913, 805 N.W.2d 425 (2011).

On November 2, 2012, Petitioner filed this application for writ of habeas corpus.[1] Petitioner seeks habeas relief on the following ground:

> I. Mr. Smith did not enter a knowing and voluntary guilty plea, and he received the ineffective assistance of counsel where he did not understand his acts did not meet the statutory elements of the crime, and the state courts' ultimate judicial expansion of the statute at issue independently violated due process of law.

## II. DISCUSSION

The instant petition is subject to dismissal because it contains several claims which have not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on November 2, 2012, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

(2004)(citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In his petition for writ of habeas corpus, petitioner contends that he is not guilty of the crime of conspiracy to furnish a cellular telephone or other wireless communication device to a prisoner at a correctional facility, because he was not a prisoner, in that he had been released on parole and was incarcerated at the Tuscola Residential Re-Entry Program, which he further argues does not qualify as a "correctional facility" within the meaning of M.C.L.A. 800.283a. Petitioner has raised three claims in his petition. Petitioner first alleges that his guilty plea was involuntary, because he did not understand the elements of the crime that he was pleading guilty to. Petitioner secondly alleges that he was deprived of the effective assistance of counsel with respect to his plea. Petitioner lastly contends that the Michigan Court of Appeals violated his right to due process by expanding the statutory definitions that are contained in M.C.L.A. 800.281a by ruling that the Tuscola Facility constituted a "correctional facility" and that individuals like petitioner who were incarcerated at that facility qualified as prisoners within the meaning of the statute. With respect to this last claim, petitioner argues that in so ruling, the Michigan Court of Appeals violated the case of *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964), in which the Supreme Court held that the retroactive application of an unforeseeable state court interpretation of a criminal statute violates a defendant's right to due process.

Petitioner acknowledges that he has not exhausted his *Bouie* claim but argues that he should be excused from exhausting this claim because the issue did not arise until the Michigan Court of Appeals issued its decision in petitioner's case.

3

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Petitioner has failed to show that it would be futile to exhaust his *Bouie* claim in the Michigan courts, because he can exhaust such a claim by filing a post-conviction motion for relief from judgment with the state trial court pursuant to M.C.R. 6.500, *et Seq*. *See Harris v. Booker,* No. U.S.D.C. 04-CV-74766; 2006 WL 2946771, * 6 (E.D. Mich. October 16, 2006). Because petitioner's *Bouie* claim is unexhausted and he has an available state court remedy with which to present his claim to the state courts, his unexhausted *Bouie* claim "should be addressed to, and considered by, the state courts in the first instance." *Id.*

It also appears that petitioner's ineffective assistance of counsel claim has yet to be exhausted with the state courts. Although petitioner challenged the validity of the guilty plea in the state courts, it does not appear that he raised a separate claim that he was denied the effective assistance of counsel with respect to his guilty plea. The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). For purposes of the exhaustion requirement, an ineffective assistance of counsel claim is legally distinct from the underlying substantive claim incorporated into the ineffective assistance of counsel claim. *See*

4

*White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005). Because petitioner did not present his involuntary guilty plea claim as an ineffective assistance of counsel claim to the state courts, petitioner's ineffective assistance of counsel claim appears to be unexhausted for purposes of habeas review.

This Court concludes that several of petitioner's claims have not been exhausted with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Petitioner could therefore exhaust these claims by filing a post-conviction motion for relief from judgment with the Tuscola County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-

conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts.

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not

appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. ORDER

Accordingly, **IT IS ORDERED** that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims. The petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

This tolling is conditioned upon petitioner re-filing his habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

                                                                                 /s/ Paul D. Borman
                                                                                 PAUL D. BORMAN
                                                                                 UNITED STATES DISTRICT COURT

DATED: 11-28-12